862 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John D. WRIGHT, Defendant-Appellant.
 No. 88-5078.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 12, 1988.
Decided Nov. 7, 1988.
 
 John Henry Blume, III (F. Patrick Hubbard on brief) for appellant.
 Alfred William Walker Bethea, Jr., Assistant United States Attorney (Vinton D. Lide, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Wright, among others, was charged in a multi-count indictment with drug offenses. Wright negotiated a plea agreement, pursuant to which he entered a plea of guilty to a single count of operating a continuing criminal enterprise. The plea was accepted on September 15, 1987.
 
 
 2
 Before imposition of the sentence, the court wished to have the benefit of all of the presentence reports on all of the pleading co-defendants. Wright's was completed on October 29, 1987, but others were not completed until later. The Probation Office sent all of the presentence reports on March 9, 1988.
 
 
 3
 Wright appeared for a sentencing hearing on April 27, 1988. At that time, he made a motion for leave to withdraw his guilty plea under F.R.Cr.P. 32(d). At that time, he also requested a psychological evaluation based upon a claim of stress from prolonged detention in the county jail.
 
 
 4
 Because of the motions, sentencing was again delayed until May 6, 1988.
 
 
 5
 On that date, Wright also moved for dismissal of the indictment.
 
 
 6
 All of Wright's motions were denied, and the court imposed upon him a sentence of 35 years in prison.
 
 
 7
 The deplorable length of Wright's confinement in the county jail is not a fair and just reason for withdrawal of the guilty plea. The two things are unrelated.
 
 
 8
 The court recognized that it was desirable to sentence all of the pleading defendants at the same time. Indeed, Wright's lawyers urged the court to compare the culpability of the several defendants. That, the trial judge could not do before receipt of the presentence reports.
 
 
 9
 At all relevant times, Wright was represented by wellknown, experienced criminal lawyers. Until the motion to withdraw the guilty plea was made on April 27, 1988, neither Wright nor his lawyers sought an advance in the scheduled sentencing date of April 27. There was no protest of his interim confinement in the county jail.
 
 
 10
 Under the circumstances, we find that Wright's predicament was largely one of his own making. He sought nothing from the district court until the hour for sentencing had arrived.
 
 
 11
 Wright claims that when he entered his plea, he did not realize that entry of the plea was a waiver of his right to appeal rulings denying pretrial motions.
 
 
 12
 Wright had more than adequate representation. We find no violation of F.R.Cr.P. 32(a)(1).
 
 
 13
 Nor do we find any error in Wright's other contentions.
 
 
 14
 AFFIRMED.